**No. 13-70013**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**vs.**

**BRANDON BERNARD,**

**Defendant-Appellant.**

_____

**CONSOLIDATED WITH 13-70016**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**vs.**

**CHRISTOPHER ANDRE VIALVA,**

**Defendant-Appellant.**

_____

On Appeal from the United States District Court
for the Western District of Texas, Waco

_____

**MOTION TO RECONSIDER ORDER CONSOLIDATING
APPEALS**

_____

Brandon Bernard respectfully moves for reconsideration, by a panel of the Court, of the portion of the August 14, 2013 order entered by the Hon. Edith H. Jones, Circuit Judge, which granted the Government's motion to consolidate Mr. Bernard's appeal under 28 U.S.C. § 2255 (No. 13-70013) with that of his codefendant Christopher Vialva (No. 13-70016).[1]

## BACKGROUND

In June 2000, after a joint trial in the Western District of Texas, Mr. Bernard and Mr. Vialva were convicted of murder and other offenses and sentenced to death. Both appealed, and their direct appeals were consolidated and considered jointly by this Court. *See United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002).

In June 2004, both Mr. Bernard and Mr. Vialva filed separate motions for relief in the trial court under 28 U.S.C. § 2255. After the district court denied relief in September 2012, and both Mr. Bernard and Mr. Vialva filed separate notices of appeal to this Court, the

---

[1] The order in question is attached as Exhibit 1. The Government's motion also sought an extension of time to file its brief(s) in opposition to COA, and Judge Jones' August 14 order granted that request as well. Mr. Bernard did not oppose extending the Government's time to file its COA brief, and does not seek reconsideration of that part of Judge Jones' order.

Government moved to consolidate the two appeals, noting that both Mr. Bernard and Mr. Vialva opposed consolidating the appeals.

The same day the Government filed its opposed motion to consolidate, that motion was granted by Judge Jones, acting singly. Under Fifth Cir. R. 27. 2, an order entered by a single judge addressing such a procedural matter is "subject to review by a panel upon a motion for reconsideration made within the 14 or 45 day period set forth in Fed. R. App. P. 40." Because Mr. Bernard had no opportunity to make his arguments against consolidation before the Government's request was granted, he seeks reconsideration of that decision by a panel of the Court.

## ARGUMENT

The following was the entirety of the Government's argument for consolidation:

> Appellee seeks to consolidate the two appeals for the purposes of minimizing the expenditure of government and judicial resources and streamlining the appellate process. Because the facts in both appeals are intertwined and arose from the same trial, it is our belief that the time and effort required by this Court in reviewing these appeals would be more efficiently utilized by consolidating them.

Motion to Consolidate and for First Extension of Appellee's Response Time (filed August 14, 2013), at 4. The Government provided no illustrations of facts common to both appeals, beyond the observation that both § 2255 cases "arose from the same trial."

In fact, the two § 2255 cases are almost wholly distinct. It is true that the underlying judgments were entered after a joint trial and that both Mr. Bernard and Mr. Vialva have raised claims under *Brady v. Maryland*, 373 U.S. 83 (1963), challenging the Government's failure to disclose startling impeachment information about cooperating co-defendant (and key prosecution witness) Terry Brown. However, the vast majority of the post-conviction claims raised by Mr. Bernard and Mr. Vialva have nothing to do with one another and share no common nexus of operative fact.

The following non-exhaustive list of the issues raised in Mr. Vialva's § 2255 Motion (Dist. Ct. Dkt. 372) shows that his claims for relief are unique to his circumstances and lack any overlap with the facts and circumstances underlying Mr. Bernard's post-conviction challenges to his own conviction and sentence:

- Mr. Vialva's claim that his trial counsel Dwight Goains labored under a conflict of interest (relating to his efforts to win a job as a federal prosecutor) that adversely affected his performance at trial (*see* Vialva § 2255 Motion at 13-41);

- Mr. Vialva's claim that his attorneys were ineffective in failing to pursue increased funding for expert assistance, to investigate the case against Mr. Vialva, or to subject the prosecution's case against Mr. Vialva to meaningful testing (*see* Vialva § 2255 Motion at 60-92);

- Mr. Vialva's claim that his trial attorneys were ineffective in their efforts to obtain an order severing Mr. Vialva's case from Mr. Bernard's for trial (*see* Vialva § 2255 Motion at 106-112);

- Mr. Vialva's claim that his appellate attorney was ineffective in presenting and arguing the severance issue on direct appeal (*see* Vialva § 2255 Motion at 107-112);

- Mr. Vialva's claim that the jury's consideration of his possible "future dangerousness" at sentencing violated due process (*see* Vialva § 2255 Motion at 92-105);

- Mr. Vialva's claim that his attorneys were ineffective in failing to pursue increased funding for developing evidence of Mr. Vialva's social, medical mental, and emotional history (*see* Vialva § 2255 Motion at 106-44);

- Mr. Vialva's claim that execution by lethal injection, under the Government's lethal injection protocol, constitutes cruel and unusual punishment in violation of the Eighth Amendment (*see* Vialva § 2255 Motion at 161-73).

At the same time, Mr. Bernard raises challenges that do not involve Mr. Vialva at all. For example, Mr. Bernard alleged in the District Court (and maintains here) that his trial counsel performed deficiently in not seeking assistance from a fire expert. *See*, *e.g.*, Mr. Bernard's Brief in Support of Application for Certificate of Appealability at 24. Had counsel done so, Mr. Bernard has shown, they could powerfully have challenged the Government's theory that Mr. Bernard set the fire that consumed the victims' automobile and, according to the Government's evidence, contributed to Ms. Bagley's death. *Id*. at 26-30. By contrast, nothing in Mr. Vialva's IAC claims deals with the question of who lit the fire.

Moreover, the evidence Mr. Bernard presented in the District Court tends to support codefendant Christopher Lewis' statement that *Mr. Vialva himself* set the fire after shooting the victims.  *Id*. at 31-32. That implication highlights the potential for antagonistic conflict between Mr. Vialva's positions and Mr. Bernard's, which is another strong argument against consolidating their § 2255 appeals.

In suggesting that consolidation is justified because "the facts" in Mr. Bernard and Mr. Vialva's appeals "are intertwined," the Government fundamentally confuses the nature of direct review and collateral attack.  On direct appeal, it was appropriate for the Court to consider both defendants' claims of error in a single proceeding because – in almost all instances – the Court was reviewing rulings of the trial court at the single joint trial in which both Mr. Bernard and Mr. Vialva were convicted and sentenced.  There, the operative facts were not only "intertwined," they were often identical.

The present circumstances could not be more different.  For example, it is true that Mr. Bernard and Mr. Vialva both challenge the performance of their trial attorneys.  However, the operative facts of Mr. Bernard's IAC claims – what *Mr. Bernard's* attorneys did or did not

do, what contact they had with witnesses, what assistance they sought from experts or investigators, etc. – have no connection whatsoever with the operative facts of Mr. Vialva's IAC claims. Those claims, of course, focus on the acts and omissions of *Mr. Vialva's* attorneys. There is no allegation that the attorneys for Mr. Bernard and Mr. Vialva entered into a joint defense agreement (whether formal or informal), or that they coordinated their investigation, shared information, or otherwise acted in concert in preparing and presenting the defense case for either defendant at either phase. Instead, the IAC claims brought by Mr. Bernard and Mr. Vialva involve completely different sets of facts, witnesses, and evidence.

This conclusion is true not only as to counsel's deficient performance, but also as to prejudice under *Strickland*. For example, the mitigating evidence about Mr. Bernard's background that his trial attorneys unreasonably failed to investigate and develop – such as the story of the turbulent household in which Mr. Bernard spent his childhood and how that experience shaped his adolescence and his emotional development – has nothing to do with Mr. Vialva. The fully

developed case in mitigation for Mr. Bernard has at most incidental overlap with Mr. Vialva's IAC claim.

In short, the substantial differences between the facts that underlie the post-conviction claims of constitutional violations by Mr. Bernard and Mr. Vialva demonstrate that there is little efficiency gain to be realized by consolidating their appeals.  With the possible exception of broadly describing the former proceedings, the Government effectively is going to have to write two briefs anyway: one to respond to the legal claims and underlying constellation of operative facts alleged by Mr. Bernard, and one to respond to the entirely distinct legal claims and factual allegations made by Mr. Vialva.  Keeping the cases separate would likely result in a more focused presentation of the issues and avoid the risk that the significant differences between Mr. Bernard's case and Mr. Vialva's will become blurred.

The risk of wrongly treating Mr. Bernard as similarly situated to Mr. Vialva is not merely academic.  The Government's motion for consolidation itself, of course, suggests that it already mistakenly views the issues in their cases as overlapping.  More important, the District

Court's order denying relief likewise treated Mr. Bernard and Mr. Vialva as indistinguishable in their moral culpability for the Bagleys' deaths. *See, e.g.*, Order at 17-18 ("The guilt of the Defendants was so obvious, and the facts of the offense so heinous, there can be no doubt that the death penalty would have been authorized for Bernard regardless of what [mitigating evidence] additional counsel could have brought to the case.")  The differences in the jurors' verdicts as to each defendant, *see* Mr. Bernard's Brief in Support of Application for Certificate of Appealability at 7-8 and 33, and the evidence that reasonably effective counsel could have marshaled to support Christopher Lewis' original statement that Mr. Bernard could not have set the fire that consumed the Bagleys' car, *id*. at 31 – belie that premise; nevertheless, it formed the basis for the District Court's denial of relief to Mr. Bernard.

In any event, both Mr. Bernard and Mr. Vialva face execution. Because a reviewing court's "'duty to search for constitutional error with painstaking care . . . is never more exacting than [in] a capital case,'" *Kyles v. Whitley*, 514 U.S. 419, 422 (1995) (citation omitted), this Court must guard against any possible erosion of either movant's right

to have his individual post-conviction claims fairly considered.  That being the case, the Government has failed to make a persuasive case that consolidating Mr. Bernard's § 2255 appeal with Mr. Vialva's is appropriate.

## CONCLUSION

For the foregoing reasons, the Court should reconsider and vacate the portion of Judge Jones' August 14, 2013 order which consolidated Mr. Bernard's § 2255 appeal with Mr. Vialva's.

Respectfully submitted,


*/s Robert C. Owen*
Robert C. Owen, Clinical Professor
Bluhm Legal Clinic
Northwestern Univ. School of Law
375 East Chicago Avenue
Chicago, IL 60611
Phone: (312) 503-0135
Email: robowenlaw@gmail.com
Texas Bar No.: 15371950

*/s John Carpenter*
John Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, WA 98402
Phone: (253) 593-6710
Email: John_Carpenter@fd.org
Washington Bar No.: 23301

## Statement Concerning Compliance With Fifth Cir. R. 27.4

Under Fifth Cir. R. 27.4, "All motions must state that the movant has contacted or attempted to contact all other parties and must indicate whether an opposition will be filed."

On August 27, 2013, undersigned counsel contacted counsel for the Government regarding this motion for reconsideration. Counsel for the Government indicated that the Government is opposed to the motion to reconsider, and that the Government has yet to decide whether to file an opposition.

/s Robert C. Owen
Robert C. Owen, Texas Bar No.: 15371950
Clinical Professor, Bluhm Legal Clinic
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
Phone: (312) 503-0135
Email: robowenlaw@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2013, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system which will cause a copy of the document to be delivered to the following via electronic mail:

Ms. Susan M. Otto
Attorney for Appellant Vialva

Mr. Jared Tyler
Attorney for Appellant Vialva

Mr. Joseph Gay, Jr.
Assistant United States Attorney

/s Robert C. Owen
Robert C. Owen, Texas Bar No.: 15371950
Clinical Professor, Bluhm Legal Clinic
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
Phone: (312) 503-0135
Email: robowenlaw@gmail.com

EXHIBIT 1

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————————

No. 13-70013

————————————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee

v.

BRANDON BERNARD,

       Defendant - Appellant

————————————

Appeal from the United States District Court for the
Western District of Texas, Waco

————————————

O R D E R :

IT IS ORDERED that Appellee's opposed motion to consolidate appeals 13-70013 and 13-70016 is GRANTED.

IT IS FURTHER ORDERED that Appellee's unopposed alternative request for an extension of time, to and including November 19, 2013, for leave to file a response to the motion for certificate of appealability is GRANTED.

/s/ Edith H. Jones
EDITH H. JONES
UNITED STATES CIRCUIT JUDGE