# No. 13-70013

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

### BRANDON BERNARD,

## CONSOLIDATED WITH 13-70016

### CHRISTOPHER ANDRE VIALVA,

*Defendants-Appellants*

_____

**On Appeal from the United States District Court
for the Western District of Texas**

_____

**APPELLEE'S UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF
IN EXCESS OF WORD-COUNT LIMITATION**

Comes now the United States of America, by and through the United States

Attorney for the Western District of Texas, and respectfully moves this Court to

grant it leave to file the Appellee's brief in excess of 14,000 words.   As grounds for

this request, the United States would respectfully show the Court as follows:

The government's brief is 122 pages long and contains 27,497 words.    The government's response is filed in response to two Applications for Certificate of Appealability (COA), one filed by Appellant Bernard and the other filed by Appellant Vialva.    Appellant Bernard's Application for COA, is 86 pages long and he raises a multitude of grounds for granting a COA.    He contends that the district court erred in not granting an evidentiary hearing as to 22 specified grounds.    He makes claims of ineffective assistance of counsel at the guilt phase:    in failing to give an opening statement; as to the steps taken in investigation and the reasons for ignoring other steps; as to counsel's lack of consultation with forensic experts, including an arson expert and pathologist; as to counsel's reliance on preparation by Vialva's counsel; as to counsel's strategy in attempting to avert authorization of this case as a death penalty case; as to interviewing witnesses, such as Brown and Lewis; as to the materials made available to them through discovery; as to the "nature and extent of co-defendant Brown's mental illness"; and as to the theories of the defense at the guilt phase.

Another group of Bernard's claims relate to alleged *Brady* violations:    as to what the government knew about Brown's "mental illness," his medication, or his treatment; as to what information the government possessed as to Brown's prior criminal conduct, Brown's use of illegal drugs, Brown's expectation of the benefit

he would receive from cooperation, and other impeaching information; as to whether government agents, who were present at the proffers of Brown and Lewis, took any notes or made other reports; and if agents did not take notes, the reason behind the agents' conduct.

And, in a group of claims contained within 34 pages of briefing, were claims of ineffective assistance of counsel at the penalty phase: as to the steps taken to investigate potential mitigating evidence; as to the selection of the mitigation investigating agency; as to securing additional mental health experts; as to the lack of an opening statement at the penalty phase; as to the lack of evidence to rebut the ramifications of gang membership; as to the failure to present probation and prison records; as to the lack of objection to victim impact evidence; as to preparation of witnesses; as to the lack of presenting sufficient background regarding his broken home and being drawn into crime and drugs; as to the lack of remorse testimony; and as to other matters during the conduct of the penalty phase.

Appellant's Vialva's Application for COA is 63 pages long and he contends that the district court erred in not granting an evidentiary hearing as to 12 specified grounds. Vialva raises a cluster of claims as to an alleged conflict of interest resulting from one of his attorneys having applied for a position as an Assistant United States Attorney: whether there was procedural default and whether there

was cause and prejudice for a default on direct appeal; whether there was an actual conflict; whether a conflict of counsel "caused him both to abdicate his role as lead counsel and fail in his duties of adequate preparation and advocacy"; whether the district court's hearing was adequate; and whether Vialva waived the conflict.

Vialva's next group of claims relate to alleged *Brady* violations: as to "unrecorded and untranscribed" interviews of Brown and Lewis; as to prior statements being part of the government's "open file" discovery policy; as to the lack of recording prior statements of Brown and Lewis, where agents did not believe they were telling the truth, as to Brown's prior inconsistent statement of November 5; as to whether Brown's counsel's notes as to this debriefing were complete; as to prior statements of co-defendants minimizing their responsibility; as to Brown's prior criminal conduct; and as to Brown's "mental illness" and use of illegal drugs.

Vialva makes claims of ineffective assistance of counsel at the guilt phase: in failing to obtain funding for certain experts; failing to conduct a proper investigation; failing, for a number of reasons, in preparation for trial; failing to subject to the government's case to adversarial testing; and failing to present a coherent defense.

Vialva also makes claims of ineffective assistance of counsel at the penalty phase:  failing to recognize certain principles of mitigation; failing to obtain

funding for available mitigation evidence; failing to seek a continuance; misuse of experts; failing to discover and argue in mitigation of Vialva's "treatable bipolar disorder and organic brain impairment"; and failing to advocate for an individualized sentencing proceeding.

Vialva also makes claims of cumulative error and of violations of the Eighth Amendment.

A number of these issues required extensive factual and/or legal analysis by assigned attorney, Mark S. Stelmach.   Mr. Stelmach has thoroughly gone through the response several times, editing any excess language.   All unnecessary verbiage has been eliminated.   It is necessary for the United States to file a response of this length in order to adequately respond to Bernard's and Vialva's Applications for COA, which total 122 pages and 27,497 words.

## CERTIFICATE OF CONFERENCE

Appellant Bernard's counsel, Ms. Susan M. Otto, and Appellant Vialva's counsel, Mr. Robert C. Owen, have advised the office of the undersigned that they do not oppose this excess word-count motion.

WHEREFORE, premises considered, the United States respectfully requests that the Court grant its request for leave to file its brief in excess of 14,000 words, but not to exceed 27,497 words.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By:    */s/ Joseph H. Gay, Jr.*
JOSEPH H. GAY, JR.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of November, 2013, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system, which will cause a copy of the document to be electronically delivered to Ms. Susan M. Otto (Appellant Bernard) and Mr. Robert C. Owen (Appellant Vialva).

*/s/ Joseph H. Gay, Jr.*
Joseph H. Gay, Jr.
Assistant United States Attorney