**FEDERAL PUBLIC DEFENDER**
Western District of Washington

July 9, 2014

Office of the Clerk
United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130-3408

> Re:   *United States v. Brandon Bernard*, No. 13-70013
> For distribution to the judges of the panel in the above-referenced
> death penalty appeal per F.R.A.P. 28(J).

Dear Sir or Madam:

Under *Escamilla v. Stephens*, 749 F.3d 380 (5th Cir. 2014), a COA must issue on Bernard's claim that trial counsel unreasonably failed to develop available mitigating evidence ("IAC claim").

*Escamilla* reaffirms that defense counsel must pursue a wide-ranging investigation, and cannot "strategically" limit the mitigation case without knowing the full spectrum of evidence available. *Id.* at 388-92. Escamilla's counsel neglected to obtain essential background documents, "spent only a limited amount of time interviewing a select handful of [Escamilla's] family members and acquaintances, and unreasonably relied upon their description of [his] childhood as stable," "declined to hire a mitigation specialist," and "failed to ensure that the expert evaluating [Escamilla] was aware of his family background and social history." *Id.* F.3d at 392. Counsel offered some evidence of Escamilla's "supportive and stable upbringing" through testimony from his father, his half-sister, two neighbors, and a family friend, but failed to discover, *e.g.*, family violence and Escamilla's substance abuse problems. *Id.* at 383-84, 385.

*Escamilla* also confirms that a "purportedly tactical decision" is not entitled to deference if it was not "preceded by a reasonable investigation." *Id.* at 392.

*Escamilla* thus illustrates that conducting *some* limited mitigation investigation, or presenting *some* mitigating evidence, is insufficient to defeat an IAC claim. Moreover, *Escamilla* reiterates that a deficient investigation can be prejudicial even when the murder is highly aggravated. 749 F.3d at 383 (Escamilla personally

*Fifth Circuit Court of Appeals*
*July 9, 2014*
*Page 2*

shot and killed a policeman, boasted about it, and had previously committed another homicide), 393 ("the disturbing facts of the crime alone do not defeat ... prejudice").

Bernard's case bears striking resemblances to *Escamilla*.  Almost all the deficiencies alleged against Escamilla's trial counsel apply equally to Bernard's. *See* Bernard's COA Brief at 34-50.  And the District Court's opinion that no conceivable mitigation could have persuaded the jury not to condemn Bernard echoes the state court's debatable conclusion in *Escamilla* that the policeman's murder, coupled with the prior murder, was "too powerful to overcome." 749 F.3d at 393

The grant of COA in *Escamilla* compels the conclusion that Bernard is entitled to a COA and an evidentiary hearing on his IAC claim.

Respectfully submitted,

Robert C. Owen

John Carpenter
Counsel for Brandon Bernard

1331 Broadway, Suite 400, Tacoma, Washington 98402 – Phone (253) 593-6710 – Fax (253) 593-6714